**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

IN RE:                                          CHAPTER 13
Regina Coats
    Debtor                           Case No. 16-52028-aec

REGINA COATS HAS FILED DOCUMENTS WITH THE COURT TO MODIFY THE CHAPTER 13 PLAN.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.**

If you do not want the court to permit the modification of the Chapter 13 plan , or if you want the court to consider your views on the motion, then you or your attorney shall file with the court a written objection or response on or before **MARCH 5 , 2018**. **If you are receiving this notice by U. S. Mail you may add three days to the response period.** The objection or response should be sent to:

    Kyle George, Clerk U. S. Bankruptcy Court
    Middle District of Georgia
    P. O. Box 1957
    Macon, Georgia 31202

**If an objection or response is filed, it will be considered at a hearing which shall be held on: April 18, 2018 at 9:30 A.M. at the U. S. Bankruptcy Courthouse, 433 Cherry Street, Macon, GA 31201 in Courtroom B.**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above. Any response or objection shall also be served on the movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9004-1.

    DATED:  February 12,  2018.

BURNS & BURNS, P.C.                          /s/ Laura D. Burns
ATTORNEY FOR DEBTOR                   Laura D. Burns, State Bar of Ga 637273
200 NORTH JEFFERSON ST.
MILLEDGEVILLE, GA  31061
**TELEPHONE:  (478) 452-3061**
joeldburns@gmail.com
laurad.burns@gmail.com

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

IN RE:  
Regina Coats  
    Debtor

CHAPTER 13

Case No. 16-52028-aec

## MOTION FOR MODIFICATION OF PLAN AFTER CONFIRMATION

    The debtor under the authority of Section 1329 of the Bankruptcy Code, files this motion for modification of plan and respectfully show:

1. The plan was confirmed on February 14, 2017 and last modified May 9, 2017.

2. The modification amends the debtor's plan by indicating that the DiTech claim has been paid out and reducing the payment to the trustee by the amount of such payment.

3. The debtor's income no longer includes child support and expenses have increased due to the change of custody of the debtor's child.

3. After notice and an opportunity for objections, the plan as modified should become the debtor's plan.

    WHEREFORE, the debtor prays that this motion for modification be approved.

                                      /s/Laura D. Burns  
                                      Attorney for Debtor

Burns & Burns, P.C.  
200 North Jefferson Street  
Milledgeville, GA  31061  
Ga. Bar #096550  
(478) 452-3061  
laurad.burns@gmail.com

I, Regina Coats the petitioner named in the foregoing petition, declare under penalty of perjury that the foregoing is true and correct.

Executed on   2/09  2018                  /s/ Regina Coats  
                                                (Regina Coats)

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | | |
|---|---|---|
| DEBTOR<br>Regina G. Coats | * <br> * | Chapter 13<br>Case No.  16-52028-aec |
| | | ☑ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| Second Modified Post-Confirmation Plan | | 3.5 |

**CHAPTER 13 PLAN**
**MIDDLE DISTRICT OF GEORGIA**
**(NOT OFFICIAL FORM 113)**

**Part 1: Notices**

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed.  See Bankruptcy Rule 3015.  In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**The following matters may be of particular importance to you.  Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.5, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 1.2 | The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in the **Nonstandard Provisions Part 6.** | ☐ Included | ☐ Not Included |
| 1.3 | The plan sets out **Nonstandard Provision in Part 6.** | ☑ Included | ☐ Not Included |

GAMB Form 113 Fillable PDF 12/12/17

**Income status of debtor(s) as stated on Official form 122-C1**

**Check One**:

☑ The current monthly income of the debtor(s) is less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is not less than the applicable median income specified in 11 U.S.C. §1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

2.1. The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the Trustee the sum of $ 869.00    monthly    .
(If the payments change over time include the following.) These plan payments change to
                  on                  .

2.2. Additional payments of            will be made on            from            . (Source)

2.3. The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the debtor(s).

2.4. If the debtor(s)' current monthly income is less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make a minimum of 36 monthly payments.
If the debtor(s)' current monthly income is not less than the applicable median income specified in 11 U.S.C.§1325(b)(4)(A) the debtor(s) will make payments for a minimum of 57 months.

## Part 3: Treatment of Secured Claims

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows:**

3.1. The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| FNMA | Current Month (March 2018) | $ 422.07 |

3.2. After confirmation, distributions will be made to cure arrearages on long term debts where the last payment is due after the last payment under the plan. If no monthly payment is designated, the arrearage claims will be paid after the short term secured debts listed in Section 3.3 and 3.5

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE (if applicable) | COLLATERAL | MONTHLY PAYMENT IF ANY |
|---|---|---|---|---|
| FNMA | $ 2,962.23 | | 1st Mtg. Home | |

3.3. The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a). The claims listed below will be paid in full as allowed.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

3.4. Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| | |

3.5. After confirmation of the plan, the following secured creditors who are subject to cramdown, with allowed claims will be paid as follows:

If the value is less than the amount due, the secured claim is modified to pay the value only as secured.
If the value is listed as $0.00 the creditor's allowed claim will be treated as unsecured.
If the value is greater than or equal to the allowed secured claim, the claim will be paid in full.
If you do not intend to cram down the claim, enter "debt" as the value.

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| World Omni | $ 9,940.11 | $9940.11 | 4.00 | 2012 Toyota | $ 284.00 |
| 1st Capital Title | $ 0.00 | 0 | 0.00 | car destroyed paid out | $ 0.00 |
| DiTech | $ 0.00 | 0 | 0.00 | claim is paid out | $ 0.00 |

GAMB Form 113 Fillable PDF 12/12/17

3.6.   The following collateral is **surrendered to the creditor**. If the debtor(s) is surrendering the collateral for a specific payment credit or in full satisfaction of the debt, a statement explaining the treatment should be indicated in **Part 6 Nonstandard Provisions**. The debtor(s) agree to termination of the stay under 11 U.S.C. §362(a) and §1301 with respect to the collateral; upon confirmation of the plan. An allowed unsecured claim resulting from the dispositions of the collateral will be treated as unsecured.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| 1st Capital Title Lending | Proceeds from 95 Honda which have been paid |

3.7.   The following debts will be paid directly by the debtor(s):

| NAME OF CREDITOR | COLLATERAL |
|---|---|
|  |  |

3.8.   The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions.**

**Part 4:  Treatment of Fees and Priority Debt**

4.1.   Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $ 3,000.00 to be paid as follows: **(SELECT ONE)**

☑ Pursuant to the current Administrative Order on Attorney Fee Awards

☐ By another method as set out in Part 6 Nonstandard Provisions. Attorney will be required to submit an itemization of their time to the Court.

4.2.   The following domestic support obligations will be paid over the life of the plan as follows: These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of       %. **(If this is left blank, no interest will be paid.)**

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
|  |  |

4.3.   All other 11 U.S.C. § 507 priority claims, unless already listed under 4.2 will be paid in full over the life of the plan as funds become available in the order specified by law.

GAMB Form 113 Fillable PDF 12/12/17

**Part 5: Treatment of Non Priority Unsecured Claims**

5.1. **Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three)**

(a) Debtor(s) will pay all of the disposable income as shown on Form I22C of $ 0.00 to the non-priority unsecured creditors in order to be eligible for a discharge, unless debtor(s) include contrary provisions in **Part 6 Nonstandard Provisions** along with sufficient legal reason justifying the excusal from meeting this requirement.

(b) If the debtor(s) filed a Chapter 7 case, the priority and other unsecured creditors would receive $ 0.00 . Debtor(s) will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(c) The debtor(s) will pay            to the general unsecured creditors to be distributed prorata.

5.2. General unsecured creditors whose claims are duly proven and allowed will be paid **(CHOOSE ONLY ONE)**

(a) 0.00 % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph 5.1(a), 5.1(b), or 5.1(c) and the debtor(s) makes payment for the applicable commitment period as indicated in **Part 2 Section 2.4.**

(b) the debtor(s) anticipates unsecured creditors will receive a dividend of      %, but will also pay the highest amount shown in paragraph,5.1(a),5.1(b) or 5.1(c) above. All creditors should file claims in the event priority and secured creditors do not file claims and funds become available for distribution.

5.3. The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay interest on classified claims, or to pay the claims a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provision.**

| NAME OF CREDITOR | COLLATERAL | REASON FOR CLASSIFICATION |
|---|---|---|
| | | |

5.4. The executory contracts and unexpired leases listed below are assumed. All other executory and unexpired leases are rejected. If the debtor(s) wishes to cure a default on a lease, an explanation of those payments should be included in **Part 6 Nonstandard Provisions**.

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| | |

GAMB Form 113 Fillable PDF 12/12/17

5.5. Unless otherwise ordered by the Court, all property of the estate, whether in the possession of the Trustee or the debtor(s), remains property of the estate subject to the Court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in **Part 6 Nonstandard Provisions** below.  Property of the estate not paid to the Trustee shall remain in the possession of the debtor(s).  All property in the possession and control of the debtor(s) at the time of confirmation shall be insured by the debtor(s).  The Chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor(s) or other property affected by property in possession and control of the debtor(s).

5.6. Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan.  Successful lien avoidance or preference action will be grounds for modification of the plan.

**Part 6:  Nonstandard Provisions**

Under Bankruptcy Rule 3015(c), all nonstandard provisions are required to be set forth below. ***These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.***

1) AFTER COMPLETION OF THE PLAN AND DISCHARGE - ANY DEFAULT IN MORTGAGE CONTRACTS TREATED UNDER THE PLAN WILL BE CONSIDERED CURED AND THE MORTGAGE REINSTATED IN FULL, INCLUDING ANY PRE-PETITION ATTORNEYS FEES OR COSTS OF COLLECTION; A MOTION TO AVOID NON-POSSESSORY NON-PURCHASE MONEY SECURITY INTERESTS IN HOUSEHOLD GOODS OR FURNISHINGS MAY BE FILED AS TO THE FOLLOWING CREDITORS: _none_. ALL TITLES TO VEHICLES SERVING AS COLLATERAL FOR CLAIMS TREATED UNDER THE PLAN WILL BE RETURNED TO THE DEBTOR(S) WITH LIENS RELEASED; All property of the debtor shall remain property of the estate for the duration of the plan .

**Part 7:  Signatures**

7.1. The debtor(s)' attorney (or debtor(s), if not represented by an attorney) certifies that all provisions of this plan are identical to the Official form of the Middle District of Georgia. except for language contained in **Part 6: Nonstandard Provisions**.

Debtors

/s/ Regina G. Coats                         02/09/2018
_____   _____
Signature of debtor                          Date

_____   _____
Signature of debtor                          Date

Debtor(s) Attorney

/s/ Laura D. Burns                           02/09/2018
_____   _____
Signature of debtor(s) attorney              Date

GAMB Form 113 Fillable PDF12/12/17

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**

IN RE:                                          CHAPTER 13
Regina Coats
    Debtor                              Case No. 16-52028-aec

CERTIFICATE OF SERVICE

This is to certify that I have this day served the within and foregoing Notice and Motion upon all other parties by placing a true and correct copy of same in the United States mail, in an envelope with adequate postage thereon to insure delivery, addressed to:

All creditors listed on the Official Matrix filed with the United States Bankruptcy Court, a copy of which is attached hereto as Exhibit A and

to the Chapter 13 Trustee electronically **via the electronic noticing system.**

This ___12th___ day of February 2018

                                                    /s/ Laura D. Burns
                                                  Laura D. Burns
                                                  Attorney for Debtor

Burns & Burns, P.C.
200 N Jefferson Street
Milledgeville, GA 31061
(478) 452-3061
State Bar No. 637273

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113G-5<br>Case 16-52028<br>Middle District of Georgia<br>Macon<br>Mon Feb 12 08:43:03 EST 2018 | Ditech Financial LLC<br>2100 E. Elliot Road, Bldg. 94 T-120<br>Tempe, AZ 85284-1806 | Recovery Management Systems Corporation<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL 33131-1605 |
| 5<br>433 Cherry Street<br>P.O. Box 1957<br>Macon, GA 31202-1957 | 1st Capital Title Lending<br>1820 N Columbia St Ste F<br>Milledgeville, GA 31061-7166 | CAB Collection Agency<br>PO Box 62889<br>Charleston, SC 29419-2889 |
| Capital One Bank<br>PO Box 30281<br>Salt Lake City, UT 84130-0281 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 | Credit Bureau Assoc. of Georgia<br>PO Box 579<br>Milledgeville, GA 31059-0579 |
| DiTech Financial LLC<br>PO Box 6172<br>Rapid City, SD 57709-6172 | Ditech Financial LLC<br>2100 East Elliot Rd.<br>Bldg. 94, Department T-120<br>Tempe, AZ 85284-1806 | ECMC<br>PO Box 16408<br>Saint Paul, MN 55116-0408 |
| FNMA<br>c/o Seterus, Inc.<br>PO Box 1047<br>Hartford, CT 06143-1047 | (p)FARMERS FURNITURE<br>ATTN CORPORATE CREDIT DEPT<br>PO BOX 1140<br>DUBLIN GA 31040-1140 | Federal National Mortgage Assoc<br>c/o Mallory Kate Velten<br>Brock & Scott, PLLC<br>4360 Chamblee Dunwoody Road<br>Suite 310<br>Atlanta, GA 30341-1056 |
| Federal National Mortgage Association<br>C/O Seterus, Inc<br>PO Box 1047<br>Hartford, CT 06143-1047 | Federal National Mortgage Association<br>c/o Seterus, Inc.<br>14523 SW Millikan Way Ste 200<br>Beaverton, Oregon 97005-2352 | Georgia Dept. of Labor<br>3090 Mercer University Dr<br>Macon, GA 31204-5974 |
| Middle Georgia Chest and Med Ctr<br>1209 N Columbia Dr<br>Milledgeville, GA 31061-7194 | Nationwide Credit<br>PO Box 26314<br>Lehigh Valley, PA 18002-6314 | Nelnet<br>3015 S Parker Rd Ste 400<br>Aurora, CO 80014-2904 |
| Oconee Regional Medical Center<br>PO Box 690<br>Milledgeville, GA 31059-0690<br>Orthodontic Care of Macon<br>3312 Northside Dr<br>Macon, GA 31210-0431 | Recovery Management Systems Corporation<br>25 S.E. 2nd Avenue, Suite 1120<br>Miami, FL 33131-1605 | Terry Coats<br>1663 Stone Meadow Rd<br>Milledgeville, GA 31061-2126 |
| U.S. Trustee - MAC<br>440 Martin Luther King Jr. Boulevard<br>Suite 302<br>Macon, GA 31201-7987 | WORLD OMNI FINANCIAL CORP<br>C/O KIRBY R MOORE<br>961 WALNUT ST<br>MACON GA 31201-1906 | Weltman Weinberg & Reis.<br>323 W Lakeside Ave<br>Cleveland, OH 44113-1009 |
| Womens Health Care Specialists<br>1001 Fernwood Dr<br>Milledgeville, GA 31061-5416 | World Omni Financial Corp.<br>PO Box 991817<br>Mobile, AL 36691-8817 | World Omni Financial Corp. Its Successor and Assigns<br>c/o Weltman, Weinberg & Reis Co LPA<br>323 W. Lakeside Ave Suite 200<br>Cleveland, OH 44113-1009 |

```
Camille Hope                         Laura D. Burns                              Regina G. Coats
Office of the Chapter 13 Trustee     Burns & Burns, P.C.                         130 W. Hall St.
P.O. Box 954                         200 N. Jefferson Street                     Milledgeville, GA 31061-2814
Macon, GA 31202-0954                 Milledgeville, GA 31061-3418
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Farmers Furniture
Attn. Corporate Credit
PO Box 1140
Dublin, GA 31040-1140

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Federal National Mortgage Association     (u)World Omni Financial Corp. Its Successors     End of Label Matrix
                                                                                              Mailable recipients   32
                                                                                              Bypassed recipients    2
                                                                                              Total                 34
```